IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ODELL DAVIS,                :   CIVIL ACTION NO.         15BJ
      PLAINTIFF,            :   3:22-CV-58              No IFP/FEE
v.                          :   HON JUDGE:               #4
CORRECT CARE SOLUTION       :   JURY TRIAL DEMANDED
DOCTOR MUHAMMED NAJI        :
PHYSICIAN ASSISTANT         :
CASEY JAMES                 :                    RECEIVED
PENNSYLVANIA DEPT OF CORR   :
TERRI SECHRENGOST           :                    APR 25 2022
      DEFENDANTS,           :             CLERK, U.S. DISTRICT COURT
                                          FOR THE WESTERN DISTRICT
                                              OF PENNSYLVANIA

ORIGINAL COMPLAINT

## I. INTRODUCTION

This is a civil rights action being filed by ODELL DAVIS, a (state prisoner) for damages, and injunctive relief under 42 U.S.C. §1983, and violation of the ADA/RA Title II (Americans with Disabilities Act/Rehabilitations Act Title II), allegeing denial of (adequate medical care) and delaying/interferring with prescribed medical order's by a doctor, becoming (deliberately indifferent) in violation of the 8th Amendment to the United States Constitution. The plaintiff also alleges a Tort of Negligence.

## II. JURISDICTION and VENUE.

1.) The Court has Jurisdiction over the plaintiff's claims of violation of Federal Constitutional rights under 42 U.S.C. §§ 1331(1) and 1343.

2.) The Court further has supplemental Jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

### III. PARTIES.

3.) The plaintiff, ODELL DAVIS is incarcerated currentley at the time of filing this complaint at (state Correctional Institution at Houtzdale) SCI-Houtzdale, during the events described in this respectable complaint.

4.) Defendant, Pennsylvania Department of Correction, is a "Public Entity" responsible for policies, practices, and customs, as well as (medical services) provided by this public entity, and they are Responsible for the "Corrections Health Care Administrator" Terri Sechrengost. The were at all times mentioned herein "ACTING UNDER COLOR OF STATE LAW" and are being sued in there (OFFICIAL CAPACITY).

5.) Defendant, Terri Sechrengost is the (PADOC) Corrections Health Care Administrator at (SCI-HOUTZDALE) employed by the Pennsylvania Department of Corrections, she is responsible for "ensuring" all Inmates are recieveing (adequate medical care) including Mr. Davis, as well as ensuring proper policies and procedures are being followed, she at all times was acting under color of state Law, she is being sued in her (OFFICIAL/INDIVIDUAL CAPACITY).

6.) DEFENDANT, CORRECT CARE SOLUTION, is a private contractor that has or is under a contract with the (PADOC), who is responsible for the Physician Assistants, and DOCTOR'S, as well as the practises and custom being performed

by them. Correct Care at all times herein, was acting under color of state law, they are being sued in there (OFFICIAL CAPACITY).

7.) Defendant, Muhammed Naji is a Doctor hired by Correct Care Solution responsible for ensuring "ALL INMATES" are recieveing appropriate (medical Treatment), he at all times herein was acting under color of state law, and he's being sued in his (OFFICIAL CAPACITY).

8.) Defendant, Casey James is a Physicians Assistant (PA) hired by Correct Care Solution responsible for "ensuring ALL Inmates" are recieveing appropriate (medical Treatment) that's prescribed by a "DOCTOR", she at all times was acting under color of state law, she's being sued in her (OFFICIAL / INDIVIDUAL CAPACITY).

## IV. FACTS.

9.) Mr. Davis sustained an (achillies) tear on specifically his Left foot in (Late September). 2021

10.) He was specifically walking around B-unit yard. in General Population, when an older guy around 6 feet tall around 250-300 lbs went to Lay the basketball up.

11.) And came down after Laying the basketball up, and landed on Mr. Davis, and tore his (achillies).

12.) Mr. Davis was at no time (participating) in any Sports, Nor was he playing basketball, he was simply, walking around B-units yard.

13.) Medical was summonsed to the B-units yard, and Mr. Davis was taken to (SCI-Houtzdales) Medical Department In a (wheelchair).

14.) Physician Assistant Ms. Casey James wheeled me

into the X-Ray room where Dr. Naji was present.

15) During this X-Ray Dr. Naji made me lay on my stomach, and checked my (ACHILLIES).

16) And "Immediatley" he stated to PA Casey James "He needs surgery!!. Put him down for an (MRI)."

17) An (MRI) was supposed to be done within 3-4 weeks. In which "ANY" expert witness will testify to this.

18) My (MRI) was not done until specifically "4months later", somewhere around Late January 2022.

19) Which is a (delay/Interferrence) in medical treatment, prescribed by Doctor Naji.

20) I further did not recieve (PT) Physical Therapy until another (7) months later on April 12, 2022.

21) On April 12, 2022 when I saw the assigned Physical Therapy specialist (PTS).

22) He specifically told me "I know this is not what you may want to hear, but..."

23) I asked him "But what Doc?. Say it go ahead.."

24) He then said "I'm going to have to do an (extended surgery), because the (regular surgery) was supposed to have been done within 3-4 weeks, and if I do an (extended surgery), it's not guaranteed that you would be able to walk (normal) again, sorry!."

25) At the time of fileing this complaint Mr. Davis is rendered disabled as a (SMI) seriously Mental Illness, and his Physical Impairment, also defined under the ADA/ RA Title II, that significantly restricks his major life activities.

26) As a result of the (delay/interference) of adequate

medical treatment. Plaintiff is suffering from possibly not being able to walk again; due to the negligence and (inadequate medical treatment/delay in medical treatment).

27.) Plaintiff further suffers "excruciating" pain every day, and all throughout the day.

28.) Plaintiff also suffers from (mental anguish) due to these events that occurred, and hearing "It's not guaranteed to be able to walk again on my own two feet".

29.) This is causing me (severe emotional distress).

30.) Under 42 U.S.C. §§ 12101-12213 of the ADA, it prevents discrimination against people with disabilities including prisoner's.

31.) The ADA furthermore requires The (PADOC) with the benefits of services for the (physically disabled), that are availible to other's.

32.) That service is (adequate medical service), and by (CHA) Terri Sechrengost not "ensuring" those (adequate medical services) are provided appropriately.

33.) The (PADOC) violates the ADA/RA Title II of Federal statutes.

34.) Plaintiff would have not sustained any injuries if Defendants Correct Care Solution, Dr. Naji, Physician Assistant Casey James, not delayed medical treatment.

35.) Plaintiff would have not sustained any injuries if Defendants (PADOC), Terri Sechrengost ensured proper "Policies, customs" were being followed

36.) Plaintiff would have not sustained any further

injuries, if Defendants Dr. Naji, PA Casey James were not "Merely Negligent".

37) Plaintiff would not have sustained any injuries, if Defendants Dr. Naji, PA Casey James, Terri Sechrengost, did not fail to exercise the degree of care that an (ordinary) person would have exercised in there circumstances or professions.

38) The failure of Contractor (Correct Care Solution) to monitor, supervise Doctor Naji or even Train Doctor Naji and PA Casey James, how to properly exercise the appropriate degree of care an (ordinary) person would have in there circumstance, caused Defendants.

39) Doctor Naji, Casey James, Terri Sechrengost, to become negligent to my (serious medical need).

40) Instead of appropriately (accomodating) my torn (achillies) within the "appropriately" 3-4 week timeframe, defendants subjected Plaintiff to (differential treatment), injuries, adverse actions.

41) Other disabled prisoner's were not subjected to the same treatment, who were simarlarly situated.

42) Defendants acts were wrongful, individually and/or by and through it's agents, they were also done intentionally, willfuly, and with evil intent, they were malicious, oppressive, and in total disregard, and reckless indifference to Plaintiff's rights.

43) to The 8th Amendment and ADA/RA Title II Protected by the U.S. Constitution and secured by Acts of Congress.

44) The ADA further requires The (PADOC) to engage in a mutual exchange with prisoner's with disabilities to

evaluate how there disabilities can be best accomodated.

45) The ADA further requires the (PADOC) to make reasonable accomodations to the known Physical impairments of individuals with disabilities, unless it results in "undue hardship".

46.) Said Defendants clearly would have not suffered any "undue hardship" in providing (adequate medical services)

47) ALL DEFENDANTS have failed to engage in an (Interactive Process) with Plaintiff to determine how to best accomodate Plaintiff's conditions. And specifically denied/excluded him from a benefit of services provided by a "Public Entity" on more than (one) occasion. In violation of the ADA/RA title II.

48.) ALL DEFENDANTS further had "Personal Knowledge" and "acquiesed" in the aforesaid misconducts.

49) Defendants have made it common, practice, customs, and policy to deprive plaintiff and other Prisoner's to be denied/excluded from a benefit of services provided by a "Public Entity".

50.) Plaintiff has exhausted all availible remedies.

## CLAIMS FOR RELIEF.

### COUNT 1: VIOLATION OF 8th Amendment (DELIBERATE INDIFFERENCE)

51) The Failure of Defendants, Correct Care Solution to Properly Supervise, or monitor Defendants Dr. Naji, and Physician Assistants Casey James to "ensure" I'm recieveing "Proper" medical treatment, constituted said Defendants to become (Deliberately Indifferent), and violate Plaintiff's rights To the 8th amendment

Protected by the U.S. Constitution, and secured by acts of Congress.

52.) The failure of Defendants Doctor Naji, and PA Casey James to "act reasonably" in response to my (TORN) achillies injury within a reasonable time caused said defendants to become (Deliberately Indifferent) violating Plaintiff's 8th Amendment Protected by the U.S. Constitution and secured by Acts of Congress.

53.) The failure of Defendant Terri Sechrengost to order Defendants Doctor Naji and PA Casey James to send Plaintiff to an outside hospital, when she was (notified) of Plaintiff's injuries, caused said Defendant to become (Deliberately Indifferent) violating Plaintiff's 8th Amendment Protected by the U.S. Constitution and Secured by Acts of Congress.

54.) Plaintiff incorporates and re-alleges paragraph 1-53 herein by reference.

COUNT 2: NEGLIGENCE (MEDICAL MALPRACTICE)

55.) The failure of Defendant Doctor Naji and PA Casey James to schedule my surgery for my (TORN ACHILLIES) within the reasonable 3-4 weeks accordingly to medical Policy's within the (PADOC), and medical procedures caused said defendants to become "Negligent" and create a (Medical Malpractice) due to failing to exercising the degree of care, and skill that a physician or surgeon of the same medical specialty would use in similar circumstances.

56.) Plaintiff re-alleges and incorporates paragraph 1-55 herein

by reference.

COUNT 3: VIOLATION OF THE ADA/RA Title II (Americans with Disabilities Act / Rehabilitation Act Title II).

57.) Defendants, PADOC has failed to adequately monitor, supervise, and or control the conduct of subordinate officials, where plaintiff a qualified individual with a physical impairment was denied the oppurtunity to participate in or benefit from the services of a "Public Entity" or otherwise subjected to discrimination by reasons of his disability when Plaintiff was denied (adequate Medical services), from September 2021 - April 2022.

58.) Defendants, PADOC, and Terri Sechrengost (corrections Health Care Administrator) Dr. Naji have failed to:
a) Protect Plaintiff from physical harm;
b) adopt or implement appropriate policies;
c) Discipline staff, employee's, workmen, and/or agents for violations;
d) Insure saftey of those in their care, custody or control;
e) Monitor the health and warefare of those in the custody of the (PADOC);
f) Provide appropriate medical attention to those in custody of the (PADOC);
g) Comply with the Laws, codes or ordinances, and regulations of the "controlling Government".

59) Plaintiff re-alleges and incorporates paragraphs 1-58 herein by reference.

COUNT 4: PUNITIVE DAMAGES

60) ALL of these Defendants conducts shows that defendants had evil motive, evil intent, or reckless callous indifference to Plaintiff's Federally Protected Rights and state law claims, and warrants liquidated punitive damages.

61) Plaintiff re-alleges and incorporates paragraphs 1-60 herein by reference.

### REQUESTED RELIEF.

WHEREFORE, plaintiff respectfully prays that this Honorable court enter Judgement granting Plaintiff:

62) COMPENSATORY DAMAGES IN THE AMOUNT OF $3,000,000.00, Jointly and severally against Defendants Dr. Naji and PA Casey James.

63) PUNITIVE DAMAGES IN THE AMOUNT OF $1,500,000.00 Jointly and Severally against (PADOC), Terri Sechrengost, Correct Care Solution, Dr. Naji, PA Casey James.

64) Declaratory relief that all defendants have violated Plaintiff's ADA/RA Title II, 8th Amendment, and was Negligent to my (serious medical need).

65) Grant such other relief as it may appear that plaintiff is entitled to.

RESPECTFULLY SUBMITTED,
/s/ Odell Davis (PRO-SE)
Odell Davis # QJ-4605
SCI-HOUTZDALE
P.O. BOX 1000
209 Institution Drive
HOUTZDALE, PA 16698-1000

DATED: 4/14/2022